UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5001 PA (PJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | Barry Wilson v. Clougherty Packing, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Clougherty Packing, LLC and Hormel Foods Corporation ("Removing Defendants") on July 1, 2015.

### I.  Background

This action arises out of plaintiff Barry Wilson's ("Plaintiff") allegations that defendants Clougherty Packing, LLC, Hormel Foods Corporation, and Americold Logistics, LLC violate California wage and hour laws by failing to compensate employees for donning and doffing time to remove required cold temperature clothing, do not provide a second meal period or third rest period when their employees work more than 10 hours, and do not provide or reimburse for necessary cold weather gear.

Plaintiff commenced this action by filing a Class Action Complaint in Los Angeles County Superior Court on May 19, 2015.  Removing Defendants assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  In particular, Removing Defendants argue that Plaintiff's state law claim for failure to reimburse their employees for cold weather clothing, so-called "freezer gear," is preempted by § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.  Specifically, Removing Defendants assert that the claim for unreimbursed freezer gear is governed by a collective bargaining agreement ("CBA") executed between defendants and their employees.

### II.  Legal Standard: Removal

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5001 PA (PJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | Barry Wilson v. Clougherty Packing, LLC, et al. | | |

Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

### III. Analysis

Removing Defendants have not asserted a satisfactory basis for this Court's jurisdiction. Removing Defendants claim the Court has federal question jurisdiction over this case because the action arises under federal law, namely § 301 of the LMRA. Section 301 of LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted § 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985). This preemption of state claims extends "beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. However, the scope of § 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5001 PA (PJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | Barry Wilson v. Clougherty Packing, LLC, et al. | | |

> the parties to a collective-bargaining agreement the ability to contract for
> what is illegal under state law. In extending the pre-emptive effect of §
> 301 beyond suits for breach of contract, it would be inconsistent with
> congressional intent under that section to preempt state rules that proscribe
> conduct, or establish rights and obligations, independent of a labor
> contract.

Id. at 211-12, 105 S. Ct. 1911-12, 85 L. Ed. 2d 206. "[T]o help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed. 2d 93 (1994).

Accordingly, preemption under § 301 requires a two-step analysis. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the right is conferred by a collective bargaining agreement, preemption applies. Id. If the right is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation marks omitted). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by § 301. Id. at 1060.

Here, Plaintiff alleges 10 claims in the Complaint. The rights involved in these claims – the rights to overtime, itemized wage statements, and meal and rest breaks – are conferred by virtue of the California Labor Code. See Cal. Lab. Code §§ 201-204, 221, 226, 510, 2802. Given that Plaintiff's claims are based on rights conferred by state law and may therefore be resolved without interpretation of the collective bargaining agreements, they do not "substantially depend" on such interpretation. Accordingly, these claims arise under state law.

Only the Complaint's eighth claim, for failure to indemnify for expenses related to "freezer gear" arguably implicates the terms of the CBA. The CBA's Article 10, section 1, provides: "It is mutually agreed that the Employer will furnish its employees with freezer gear." The CBA does not define "freezer gear," and the Complaint merely alleges that defendants' employees "used their personal cold weather gear" and that the employees "were never reimbursed for these expenses, which included but are not limited to, thermals, jackets, and boots." (Compl. ¶ 79.) Despite Removing Defendants' contentions to the contrary, this simple dispute does not require construction or interpretation of the CBA. Instead, all that is required to resolve this dispute is to "look to" the CBA to determine if

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5001 PA (PJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | Barry Wilson v. Clougherty Packing, LLC, et al. | | |

defendants' employees have been wrongfully denied reimbursement for clothing items under California law.  See Livadas, 512 U.S. at 124, 114 S. Ct. at 2078.

## Conclusion

Removing Defendants have not met their burden to demonstrate this Court's federal question jurisdiction.  Accordingly, the Court remands this action again to Los Angeles Superior Court, Case No. BC582252 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.